```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-20062 JPM-dkv |
| | ) |
| LARRY AMMONS, | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE
AND DENYING MOTION TO SUPPRESS

This cause is before the Court on objections filed by the Defendant to the Supplemental Report and Recommendation of the Magistrate Judge in connection with Defendant's Motion to Suppress all evidence seized by law enforcement officials during two warrantless searches. The Defendant, Larry Ammons, is indicted on five counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The two searches as to which Defendant seeks suppression of all of the evidence were:

First, a search on January 10, 2006, at 131 Wheatley Drive, Newbern, Tennessee; and

Secondly, a search involving a traffic stop of the Defendant's vehicle on January 18, 2006. The Defendant asserts that each search was conducted in violation of his rights pursuant to the Fourth Amendment.

Extensive hearings have been held by the Magistrate Judge in connection with the Defendant's Motion and a subsequent Motion to Reconsider.[1]

The Magistrate Judge, in her initial Report and Recommendation, recommended that Defendant's Motion to Suppress be denied. While recommending that the Court find that the search of the residence at 131 Wheatley Drive North, Newbern, Tennessee was "at least in part a governmental search to which the Fourth Amendment's protections are applicable . . . ," the Magistrate Judge recommended that the Court find that "Judy Shanklin's consent to search was voluntary" and that the search of the residence was valid. Regarding the firearms that were recovered as a result of the pawn tickets recovered from a different residence and given to Investigator Moody, the Magistrate Judge recommended that the Court find that "there is no legitimate basis for suppressing the guns that were discovered from the evidence of the pawn tickets." Concerning the search of Ammons's vehicle on January 18, 2006, the Magistrate Judge recommended that the Court find that "the stop and detention of Ammons fits within the parameters of Terry v. Ohio." Additionally, the Magistrate Judge recommended that the Court find that "the search of the defendant's vehicle was reasonable

---

[1] In his motion to reconsider, Defendant sought to supplement the record to include the testimony of Judy Shanklin.

2

under the 'plain view exception.'"  Thus, the Magistrate Judge recommended that Ammons's Motion to Suppress be denied in its entirety.

Ammons then sought to supplement the record with the testimony of Judy Shanklin, as well as two additional exhibits submitted in a second evidentiary hearing held on January 11, 2008.

Ms. Shanklin testified, among other things, that she lives in her home on Sorrels Chapel Road but that she purchased the 131 Wheatley Drive house from Ammons in November, 2005, and received a warranty deed.  She further testified that Ammons continued to live at the 131 Wheatley address pursuant to an agreement between Ms. Shanklin and him that Ammons would complete renovations and improvements of the house while living there.  She further testified regarding to other facts indicating Ammons continued residency at the 131 Wheatley house.[2]

Ms. Shanklin then testified regarding the events of January 10, 2006, including the fact that there were "no utilities on at the Wheatley house when she arrived that night." (Supplemental Report and Recommendation 5.)  Ms. Shanklin also testified regarding her delivery of the pawn tickets to the police station on January 11, 2007, and she testified regarding

---

[2]Ammons had previously lived with Ms. Shanklin at her residence on Sorrels Chapel Road.

her relationship with Ammons and the fact that she advanced funds to him to assist him in retaining counsel in this case.

The Magistrate Judge recommended that the testimony of Judy Shanklin be found to be only partly credible based on the observations of the Magistrate Judge during the hearing, including the demeanor of the witness. The Magistrate Judge recommended that the Court find that the relevant warrantless search did not begin until after Ms. Shanklin arrived at the residence at 131 Wheatley and gave consent for that search. The Magistrate Judge also determined, regarding the obtaining of the pawn tickets, that "Investigator Moody may have misunderstood how Ms. Shanklin came into possession of the pawn tickets . . . ." (Supplemental Report and Recommendation 8.) The Magistrate Judge recommended that the Court find that "the pawn tickets were discovered at the 131 Wheatley house by Billy Shanklin after the police, Ammons, and Ms. Shanklin had left the scene." Id. Additionally, the Magistrate Judge recommended that the Court find that "[t]his fact determination does not affect the full credibility given to Investigator Moody's previous testimony." Id.

Regarding the private versus public nature of the search and the rapidly changing events at the time of the search of the residence at 131 Wheatley, the Magistrate Judge proposed an additional finding "that the governmental search converted back

4

to a private search when the officers left and Billy Shanklin remained to continue to search with the permission of his mother." Additionally, the Court found that Ms. Shanklin's testimony confirmed that she had an ownership interest in the house and thus had authority to consent to the search.

Concerning the discovery of the pawn tickets and the delivery to the authorities, the Magistrate Judge proposed that the Court find that Ms. Shanklin's testimony "actually strengthens the previous conclusion that the tickets were the product of a private search because *two* private actors, herself and Billy, established the chain of delivery for the tickets to the police." Supplemental Report and Recommendation 11. Thus, after the record was supplemented in this case, the Magistrate Judge again recommended that the Motion to Suppress be denied in its entirety.

It should be noted in this case that neither the Defendant nor the government has ordered the transcript of either the initial suppression hearing or the supplemental suppression hearing. The normal practice in this district is for a transcript to be submitted so that the Court can conduct a complete de novo review of the evidence in this case. However, it appears that the parties are proceeding on the basis that it is not necessary for the Court to review the supplemental material and that the sole objection to be determined by the

Court is whether or not, under the undisputed facts in this case, it was necessary for the consent of Mr. Ammons to be obtained before a lawful search could be conducted of the property at 131 Wheatley. There is no evidence in the record that Mr. Ammons objected to the search of the property at 131 Wheatley and there appears to be no dispute that the owner of the property, Ms. Shanklin, voluntarily consented to, and in fact, participated in, the search of that property and the discovery of the evidence which the Defendant seeks to suppress.

For the reasons articulated in the Report and Recommendation of the Magistrate Judge and the Supplemental Report and Recommendation of the Magistrate Judge, and for the reasons stated in this Order, Defendant's Motion to Suppress is DENIED in its entirety.

SO ORDERED this 7th day of March, 2008.

s/ JON P. MCCALLA
UNITED STATES DISTRICT JUDGE